Diallo v. Holder

BIA
Sichel, IJ
A093 409 915

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand fourteen.

PRESENT:
        JON O. NEWMAN,
        JOHN M. WALKER, JR.,
        RICHARD C. WESLEY,
            *Circuit Judges.*

_____

MADIOU DIALLO,
        *Petitioner,*

        v.                                    13-2583
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, Yerman & Associates, LLC, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Lindsay M. Murphy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Madiou Diallo, a native and citizen of Guinea, seeks review of a June 12, 2013 order of the BIA, affirming the March 16, 2012 decision of an Immigration Judge ("IJ"), which pretermitted asylum and denied withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Madiou Diallo*, No. A093 409 915 (B.I.A. June 12, 2013), *aff'g* No. A093 409 915 (Immig. Ct. New York City Mar. 16, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

Pretermission of Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the

2

agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B).  However, we retain jurisdiction to review constitutional claims and questions of law.  8 U.S.C. § 1252(a)(2)(D).

Here, we lack jurisdiction to review the agency's pretermission of asylum because Diallo merely "quarrels over the correctness of the [agency's] factual finding[]" that he did not return to Guinea in 2004 and reenter the United States in 2007.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).  Diallo contends that the agency erred by finding his witness credible but concluding that the witness's testimony was insufficient to establish the timeliness of his application.  However, as the IJ explained, the witness did not have any firsthand knowledge of Diallo's whereabouts between 2004 and 2007.  Diallo's assertion that the IJ held him to an overly stringent burden by requiring an eye witnesses to establish his return to Guinea and reentry to the United States is incorrect.  The IJ did not pretermit Diallo's asylum application because he did not produce an eye witness; she found that Diallo failed to establish the timeliness of his application because he testified inconsistently about whether his passport was

stamped when he returned to Guinea and offered no tickets, boarding passes, stamps in his passport, or airline confirmations to establish that he ever flew back as he testified that he did. Diallo has waived review of these findings by failing to contest them in this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005). Diallo's suggestion that the agency erred by assessing the credibly of his testimony, in determining whether that testimony constituted clear and convincing evidence, is unsupported and clearly without merit.

Withholding of Removal

For applications such as Diallo's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

4

Diallo's criticism of the BIA for failing to explicitly discuss the underlying bases for the IJ's credibility determination is misplaced; the BIA did not explicitly discuss the underlying bases because Diallo did not challenge them on appeal. In addition to the statutory, jurisdictional requirement that petitioners exhaust each category of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must raise specific issues with the BIA before raising them in this Court. *See Foster v. INS*, 376 F.3d 75, 77-78 (2d Cir. 2004). Issue exhaustion is mandatory: "If[, as here,] the government points out to the appeals court that an issue relied on before that court by a petitioner was not properly raised below, the court must decline to consider that issue, except in [] extraordinary situations." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007). We therefore decline to consider Diallo's unexhausted challenges to the "findings that informed the IJ's adverse credibility determination." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

CAT Relief

Lastly, we lack jurisdiction to review the denial of CAT relief because Diallo did not contest it before the BIA. In contrast to issue exhaustion, the failure to contest the

5

denial of a category of relief is a jurisdictional defect.
*Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) ("The
failure to seek review of the CAT claim deprives us of
jurisdiction.").

For the foregoing reasons, the petition for review is
DISMISSED in part, insofar as it challenges the
pretermission of asylum and denial of CAT relief, and DENIED
in part, as it relates to the denial of withholding of
removal.  As we have completed our review, any stay of
removal that the Court previously granted in this petition
is VACATED, and any pending motion for a stay of removal in
this petition is DISMISSED as moot.  Any pending request for
oral argument in this petition is DENIED in accordance with
Federal Rule of Appellate Procedure 34(a)(2), and Second
Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6